Labaove, J.
This is an appeal taken by plaintiff from an interlocutory judgment, and the first question raised is, whether or not an appeal lies.
The plaintiff alleges that the defendant had sold or leased to him the collection of the revenues on stands and stalls to be erected by him on a certain space of ground, from the 1st August, 1866, to the 31st December, 1867, for $27,250. That pursuant to his agreement, he has put up stands and stalls at an expense of upward, $6,000, and that the defendant is bound to indemnify him for the same, and that he is entitled to keep possession until indemnified. That the Mayor of the City has threatened to dispossess petitioner by violence, and ordered Waldo to collect the revenues of said stalls.
He prays that the City and its officers be enj'oined from molesting - petitioner in his possession of said stalls and stands.
An injunction was accordingly granted.
On motion of defendant’s attorney, and on suggesting to the Court that the injunction granted herein is depriving the City of a revenue of about $97 a day, and that the provisional dissolution of the same, cannot work an irreparable injury to the plaintiff, it was ordered that the injunction herein granted be provisionally dissolved without bond and security being given, the City being dispensed by law from giving judicial bonds.
From that order or judgment, plaintiff appealed, on the ground that the Court erred in dispensing the City from giving bond, and that said order, even if granted on giving bond, inflicts upon plaintiff an irreparable injury.
This injunction was dissolved under the dispositions of Art. 307 C. P:
“Whenever the act, prohibited by the injunction, is not such as may work an irreparable injury to the jplaintiff the Court may, in their discretion, dissolve the same, provided the defendant execute his obligation in favor of plaintiff.”-- * * *
This article provides that this bond is given as a guaranty that the defendant will deliver the property in the same state it was in at the issuing of the injunction, and pay, besides, all damages sustained.
Therefore, if the defendant was bound in law to give a bond, the judgment of the Court, dispensing the City from, giving such a bond, might work an irreparable injury, and an appeal would lie; but the law provides:
“ That in all judicial proceedings where, by law, bond and security is required from litigants, the City of New Orleans shall be dispensed from furnishing bond or security.” Acts of 1856, p. 166, sec. 131.
*301 This law is clear and general, and makes no distinction. Ubi lex non destínguü, nee nos distinguere debemus. This is certainly a judicial proceeding.
We consider the case as if a bond had been duly given; therefore, no irreparable injury can result in this case, for the want of security.
In other respects, we do not see that the judgment appeal from, can work an irreparable injury to the plaintiff. We cannot entertain the appeal. Art. 307 O. P; Jure v. First Municipality of New Orleans, ,2 A. 321.
Appeal dismissed, at appellant’s costs.